UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS V. KOHNKE                                CIVIL ACTION

VERSUS                                            NO: 17-5422

NORTON LILLY INTERNATIONAL,                       SECTION: "A" (1)
INC.

### ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 12)** filed by Plaintiff, Nicholas V. Kohnke. Defendant Norton Lilly International, Inc. (hereinafter "Defendant") opposes the motion. The motion, submitted on July 12, 2017, is before the Court on the briefs without oral argument

Plaintiff filed suit against Defendant in state court alleging breach of an employment contract. Plaintiff contends that he was promised at least a two year commitment from Defendant but he was terminated only eleven months into his employment. Although his salary was $110,000.00 per year exclusive of benefits, Kohnke expressly pleaded that he had sustained damages "less than $75,000." (Rec. Doc. 1-1, Petition ¶ 15). The prayer for relief is clear and concise: "[J]udgment against Defendant, Norton Lilly, in an amount to be proven at trial, *but less than $74,900*." (*Id.* ¶ 16 (emphasis added)). Plaintiff explains that the allegations regarding the damage quantum were based on the fact that shortly after leaving Defendant's employ, Plaintiff obtained a position with another company. Therefore, Plaintiff is only seeking what he can lawfully recover: six months of lost salary plus the difference in salary for the

months remaining of the original two year commitment with Defendants—a total that falls well below the jurisdictional minimum.

Plaintiff moves to remand the case contending that the amount in controversy requirement for diversity jurisdiction is not satisfied. Defendant contends that considering only the information actually pleaded, which does not expressly mention the subsequent employment, the case is removable.

A plaintiff in Louisiana state court, by law, may not specify the numerical value of the damage claim. La. Code Civ. Pro. art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

It is not facially apparent from the Petition that the amount in controversy exceeds $75,000. Plaintiff specifically alleges, not once but twice, that the recovery sought is less than $75,000. Whether the allegations are binding in nature is beside the point. The allegations, even if not binding, at the very least create an ambiguity as to amount in controversy. Turning to the facts in controversy, they fail to rescue this removal because the actual facts underlying the damages sought, *i.e.*, that Plaintiff obtained other employment shortly after being terminated, undermine any suggestion

that the amount in controversy exceeds $75,000.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 12)** filed by Plaintiff, Nicholas V. Kohnke is **GRANTED**. This case is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction.

July 26, 2017

                                  JAY C. ZAINEY
                            UNITED STATES DISTRICT JUDGE